IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BRIDGES | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No.: 25-5320 |
| v. | : | |
| | : | |
| PAMELA BONDI, ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT FOR ENFORCEMENT

Pursuant to the United States Equal Opportunity Commission – Office of Federal Operations ("OFO") Order dated June 25, 2025, 29 C.F.R. § 1614.503(g), and 5 U.S.C. § 701, et seq., Plaintiff, Michael Bridges, by and through his undersigned counsel, petitions the Court for enforcement of the Commission's order dated September 19, 2024, against Defendant.

**The Parties**

1. The Plaintiff, Michael Bridges, is an individual who resides at 329 Hawthorne Street Warminster, PA 18974.

2. The Defendant, Pamela Bondi, Attorney General, the Department of Justice, Federal Bureau of Prisons, is an agency of the United States with a principal place of business at 320 First St., NW, Washington, DC 20534.

**Jurisdiction and Venue**

3. 29 C.F.R. § 1614.503(g), provides that:

Where the Commission has determined that an agency is not complying with a prior decision, or where an agency has failed or refused to submit any required report of compliance, the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision pursuant to Title VII, the ADEA, the Equal Pay Act, the Rehabilitation Act, the Genetic Nondiscrimination Act, or the Pregnant Workers Fairness Act and to seek judicial review of the agency's refusal to

1

implement the ordered relief pursuant to the Administrative Procedure Act, 5 U.S.C. 701 et seq., and the mandamus statute, 28 U.S.C. 1361 . . .

4. The Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq. grants a competent United States District Court judicial review over any agency action that adversely affects or wrongs an aggrieved party, including review of agency action unlawfully withheld or unreasonably delayed.

5. Venue is proper pursuant to 28 U.S.C. § 1391(e).

## Procedural History

6. On September 19, 2024, the OFO rejected Defendant's appeal of an Administrative Judge's decision and issued an order and award for Plaintiff.

7. On April 25, 2025, Plaintiff petitioned the Commission to enforce the OFO's September 19, 2024 Final Decision and Order against Defendant pursuant to 29 C.F.R. § 1614.503(g).

8. On June 25, 2025, the Commission issued a decision finding that Defendant had not complied with the prior decision or had failed to submit proof of compliance, thereby granting Plaintiff the right to file a civil action in U.S. District Court for enforcement of the order.

## Statement of Facts

9. On June 13, 2016, Plaintiff filed an EEO complaint alleging the agency discriminated against him on the bases of race/color (African American/Black) and reprisal (EEO-protected activity).

10. On December 16, 2019, the Administrative Judge ("AJ") sanctioned Defendant with default judgement.

11. On July 8 and 13, 2020, the AJ held hearings on damages.

12. On September 9, 2020, the AJ rendered a decision on damages requiring Defendant to pay Plaintiff $85,000 in compensatory damages and $94,235.00 in attorney's fees.

13. On October 29, 2020, the agency issued its Final Decision and Order rejecting the AJ's decision and thereafter filed an appeal to the OFO.

14. On December 18, 2020, Plaintiff's counsel filed Complainant's Opposition with exhibits to the agency's appellate brief.

15. On September 19, 2024, the Commission entered a decision in favor of Plaintiff which denied the agency's appeal. In doing so, the Commission issued an order which required Defendant to complete the following:

> **Within sixty (60) calendar days** of the date of this decision, the Agency is ORDERED to take the following remedial actions:
>
> 1. Post a notice at FDC Philadelphia, in accordance with the "Posting Order" below.
>
> 2. Provide three hours of in-person and interactive EEO training by a qualified EEO professional to management at FDC Philadelphia. Such training will specifically focus on avoiding reprisal, preventing race-based discrimination, and creation of a workplace that is free from prohibited harassment.
>
> 3. Reimburse Plaintiff forty (40) hours of annual leave.
>
> 4. Offer Plaintiff the opportunity to attend SIS training at on the earliest course dates that that are convenient for Plaintiff to attend. If Plaintiff has not accepted the offers of SIS training within two years of the date that this decision is issued, then Plaintiff will waive his entitlement to the SIS training opportunity.
>
> 5. Pay Plaintiff $85,000.00 in non-pecuniary compensatory damages.
>
> 6. Pay Plaintiff's lawyer $94,235.00 in attorney's fees and costs, in accordance with the AJ's Order Granting Plaintiff's Counsel's Petition for Attorney's Fees and Costs from September 17, 2020.
>
> The Agency is further directed to submit a report of compliance in digital format as provided in the order below entitled "Implementation of the Commission's Decision." The report shall be submitted via the Federal Sector EEO Portal (FedSEP). 29 C.F.R. § 1614.403(g).

*See Commission's September 19, 2024 Decision* attached hereto as Exhibit A.

16. Defendant complied with the Commission's orders enumerated as 1-6 on pages 8-9 of the Commission's September 19, 2024 Decision. *See id.*

17. The Commission further ordered Defendant to pay Plaintiff's reasonable attorney's fees incurred in the processing of the appeal.

18. Specifically, in relevant part, the Commission's Decision stated:

ATTORNEY'S FEES (H1019)

"If Complainant has been represented by an attorney (as defined by 29 C.F.R. § 1614.501(e)(1)(iii)), he is entitled to an award of reasonable attorney's fees incurred in the processing of the complaint. 29 C.F.R. § 1614.501(e). The award of attorney's fees shall be paid by the Agency. The attorney shall submit a verified statement of fees to the Agency -- not to the Equal Employment Opportunity Commission, Office of Federal Operations -- **within thirty (30) calendar days** of receipt of this decision. The Agency shall then process the claim for attorney's fees in accordance with 29 C.F.R. § 1614.501."

Exhibit A at 9.

19. On October 7, 2024, Plaintiff's Counsel submitted a Verified Statement of Attorney's Fees consistent with the September 19, 2024 Order and 29 C.F.R. § 1614.501. *See Email Correspondence October 7, 2024 through December 9, 2024* attached hereto as Exhibit E.

20. Defendant did not respond to Plaintiff's Counsel's verified statement within 30 days or otherwise.

21. Defendant did not, within 60 days or otherwise, issue a decision determining the amount of attorney's fees or costs due to Plaintiff's Counsel. Further, given that no decision was issued, there was equally no: (1) issuance of a notice of right to appeal to the EEOC, (2) no issuance of EEOC Form 573, and (3) no specific reasons provided to Plaintiff's Counsel for the agency's failure to pay Plaintiff's counsel's reasonable attorney's fees.

22. Pursuant to 29 C.F.R. § 1614.501, Defendant's payment of Plaintiff's attorney's fees is long past due.

23. In an effort to resolve this matter, the Undersigned contacted Defendant, via email, numerous times. *See* Exhibits E, F, and G.

*24.* On October 7, 2024, the Undersigned emailed Defendant the Verified Statement of Attorney's Fees and supporting Exhibits. *See* Exhibit E. Defendant's Counsel responded on October 28, 2024, requesting Plaintiff's Counsel's firm account information for payment. *See id.*

25. Defendant did not contest or otherwise reference the Undersigned's Verified Statement of Attorney's Fees. *See id.*

26. Plaintiff's Counsel answered Defendant's email the following day, providing financial information. *See id.*

27. After not receiving payment or other communication, the Undersigned contacted Defendant on November 13, 2024, and again on November 18, 2024. *See id.* Plaintiff's Counsel reminded Defendant that the attorney's fees due for the Undersigned's efforts in defending the appeal were due December 6, 2024, and inquired as to whether the fees at issue would be included in the agency's payment of the underlying award to Plaintiff. *See id.*

28. Defendant failed to give an update, and the Undersigned again contacted Defendant on December 9, 2024. *See id.* Plaintiff's Counsel again informed Defendant of the due date of the agency's decision on the Verified Statement of Attorney's Fees. *Id.*

29. After not receiving a response, the Undersigned again contacted the Defendant on December 13, 2024. Specifically, the Undersigned wrote:

> I am following up on this as, per OFO's Decision and 29 CFR § 1614.501, on December 6, 2024, the Agency was required to issue a Final Agency Decision (FAD) regarding the Verified Statement of Attorney's Fees submitted on October

7, 2024. Please provide the FAD and/or a status update on payment of the outstanding attorney's fees.

*See Email Correspondence December 13, 2024 through December 30, 2024* attached hereto as Exhibit F.

30. Defendant responded on December 13, 2024, stating:

Dear Obinna Abara:
With respect to your request for a Final Agency Decision to award you additional attorney's fees in the above-captioned case: on September 19, 2024, the EEOC's Office of Federal Operations (OFO) ordered an award of $94,235.00 in attorney's fees and costs. To the best of our knowledge, your office has been paid that sum. The OFO's September 19, 2024, order does not direct the Complaint Adjudication Office (CAO) to take any further action in this case. And the CAO does not possess the authority to order awards in excess of what the OFO has ordered. Accordingly, there is nothing more for the CAO to do in this case. Barring further direction from the OFO, we consider this matter closed.

*See id.*

31. The Undersigned responded that same day, addressing the apparent confusion and indicating that the attorney's fees incurred in the prosecution of the successful appeal were expressly ordered and outstanding. *See id.*

32. Defendant responded:

Again, the CAO has done everything it is permitted to do in this case. When the OFO intends for the CAO to issue a revised or supplemental FAD in a matter that the OFO has adjudicated, the OFO gives specific directions to the CAO in its Orders. It did not do so here. And as I noted earlier, the CAO has no authority to supplement the OFO's damages/attorney's fees decisions absent specific direction from the OFO. It appears that the OFO accepted the AJ's 2020 order of attorney's fees without adjustment, even though the OFO could have done otherwise. This is particularly true given that the parties could have litigated the issue of appellate legal fees during the four-year hiatus between the AJ's decision and the OFO's decision. The boilerplate language that you cited does not appear to supersede the OFO's explicit finding regarding attorney's fees. And that boilerplate language provides no direction to the CAO. Please be reminded that the CAO is not part of the Federal Bureau of Prisons (BOP), and is not implicated by every use of the word "agency" in OFO orders. Accordingly, we will not take further action at this time. If you believe that you are entitled to additional attorney's fees, you may wish to pursue this matter directly with the BOP or the OFO, as appropriate.

*See id.*

33. On December 16, 2024, the Undersigned forwarded the above email to Defendant's Counsel for clarification and to understand Defendant's position. *See* Exhibit F. Defendant's Counsel responded that same day, stating she would provide an update "asap." *See id.*

34. As there was no update, the Undersigned followed up by email on December 20, 2024, and again on December 30, 2024. *See id.*

35. On January 14, 2025, Plaintiff submitted a Petition for Enforcement of the Commission's Decision for processing and docketing to the EEOC. *See EEOC Letter Advising Agency of Complainant's Petition to Enforce* attached hereto as Exhibit C.

36. On February 11, 2025, The Commission issued a letter of notice to the agency of Plaintiff's petition and required Defendant to file an Interim Progress Report within 10 days of the notice. *See id.*

37. On April 15, 2025, more than 60 days after the Commission requested the agency file its report, Defendant filed an Interim Compliance Report where Defendant conceded it had not fully complied with the OFO's Order. *See Agency Interim Compliance Report* attached hereto as Exhibit D.

38. Plaintiff's Counsel responded to Defendant's Interim Report on April 15, 2025, commenting on the outstanding issue surrounding the payment of attorney's fees. *See Email Correspondence April 15, 2025* attached hereto as Exhibit G.

39. Defendant responded the same day, writing that it was only permitted to authorize compliance with relief specifically ordered in the Commission's decision and it would not be paying any "additional fees." *See id.*

40. Plaintif's Counsel inquired as to whether the section of the OFO's Order titled ATTORNEY'S FEES (H1019) (quoted above) was ordered relief. *See id.*

41. Defendant answered the same day:

The language you presented is most notably taken into consideration when OFO has not specifically addressed attorney fees and or no amount has been determined. Here, OFO specifically addressed attorney's fees and ordered that the Agency pay $94,235.00 in attorney's fees and costs. This specific part of the order has been completed and is in full compliance. If you have additional fees outside of what is specificity order you would want to revisit that with Agency counsel and or the adjudicating authority. As the neutral party I have no opinion on the merits of your argument; however, I cannot process a request for additional fees without a binding agreement and or an order/decision. I hope this information is responsive to your request. Have a great evening.

*See* Exhibit G.

42. On April 25, 2025, the Commission accepted Plaintiff's Petition to Enforce the September 19, 2024 OFO order under 29 C.F.R. § 1614.503 for docketing and processing.

43. On June 25, 2025, the Commission issued a decision finding that Defendant had not complied with the prior decision or had failed to submit proof of compliance. Additionally, the Commission notified Plaintiff's Counsel of his compliance with 29 C.F.R. § 1614.503(g) and informed him of his right to file this present matter in district court. See *EEOC's June 25, 2025, Decision* attached hereto as Exhibit B.

44. Despite issuance of the decision, Defendant has yet to comply with the payment of attorney's fees or provide an explanation for its refusal.

45. Accordingly, Defendant has failed to comply with the Commission's order that Defendant pay reasonable attorney's fees to Plaintiff's counsel incurred in the processing/defense/opposition of the agency's unsuccessful appeal.

46. Accordingly, Plaintiff's Counsel requests that the Court compel Defendant's compliance with the September 19, 2024 Order and require Defendant to pay reasonable attorney's fees in the amount of $10, 486.

47. There is no good faith basis for Defendant's unreasonable delay in complying with the Commission's Order.

48. Plaintiff seeks interest in outstanding attorney's fees, reasonable attorney's fees for prosecution of the instant action and additional/enhanced fees incurred in the processing of the instant Complaint. 29 C.F.R. § 1614.501(e).

## **FIRST COUNT**

### **29 CFR § 1614.503 - Enforcement of Final Commission Decisions**

49. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

50. After petitioning the Commission to compel Defendant's compliance with the Commission's September 19, 2024 Decision. Defendant has failed to fully comply with the Commission's prior decisions and is therefore non-compliant.

51. Plaintiff, consistent with 29 C.F.R. § 1614.503, seeks the Court's enforcement of the Commission's decisions such that Court Order Defendant to fully comply with the Commission's September 19, 2024 Decision, so that Plaintiff's counsel receives attorney's fees and/or enhanced attorney's fees associated with all aspects of the collection of Plaintiff's entitlements and prosecution of the instant Complaint.

## SECOND COUNT

## Administrative Procedure Act - 5 U.S.C. § 701, et seq.

52. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

53. The June 25, 2025, Enforcement Decision is, by its terms, a "final" decision of the OFO that found Defendant to be non-compliant with the Commission's September 19, 2024, order.

54. After petitioning the Commission to compel Defendant's compliance with the Commission's September 19, 2024, Decision, Defendant has failed to fully comply with the Commission's prior decisions and is therefore non-compliant.

55. Plaintiff, consistent with 5 U.S.C. § 701, et seq. seeks the Court's enforcement of the Commission's decisions such that Court Order Defendant to fully comply with the Commission's September 19, 2024, Decision, so that Plaintiff's counsel receive attorney fees and/or enhanced attorney's fees associated with all aspects of the collection of Plaintiff's entitlements and prosecution of the instant Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief in her favor and against Defendant, as follows:

A. Enter a declaratory judgment finding that Defendant failed to comply with the Commission's decision dated September 19, 2024.

B. Awarding Plaintiff's Counsel request for attorney fees and/or enhanced attorney's fees associated with all aspects of the collection of Plaintiff's entitlements and prosecution of the instant Complaint; and

C. Granting such other and further equitable relief as justice may require.

                        ABARA LAW FIRM, PLLC

              By: s/ *Obinna I. Abara*
                      OBINNA I. ABARA, ESQUIRE
                      3 Park Lane, #333
                      Douglassville, PA 19518
                      oabara@abaralaw.com
                      (215) 360-3260 (office)
                      (267) 380-1827 (fax)
                      Attorney for Plaintiff

Date: September 16, 2025